JS - 6

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL MITCHELL, | ) | Case No. CV 05-00810 DDP (RNBx) |
| Plaintiff, | ) | **JUDGMENT** |
| v. | ) | |
| METROPOLITAN LIFE INSURANCE COMPANY; CB RICHARD ELLIS LONG TERM DISABILITY PLAN; UNUM LIFE INSURANCE COMPANY OF AMERICA; ~~CB RICHARD ELLIS MEDICAL PLAN; CB RICHARD ELLIS LIFE INSURANCE PLAN; CB RICHARD ELLIS PENSION/RETIREMENT PLAN~~, | ) | |
| Defendants. | ) | |

   Pursuant to the trial of this matter on November 20, 2007, and the Court's December 3, 2007 Findings of Fact and Conclusions of Law, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that JUDGMENT for Plaintiff Michael Mitchell against Defendants Metropolitan Life Insurance Company ("MET") and CB Richard Ellis Long Term Disability Plan (collectively "Defendants") is hereby granted.  IT IS ALSO HEREBY ORDERED, ADJUDGED, AND DECREED that JUDGMENT for Defendant

and cross-claimant UNUM Life Insurance Company of America against Plaintiff Michael Mitchell and Metropolitan Life Insurance Company is hereby granted.

Defendants shall pay Plaintiff long-term disability benefits under the Plan, from October 1, 2003 through September 30, 2005, plus interest thereon at a rate of 10%, plus any costs incurred to date. A district court has discretion to order prejudgment interest on an award of ERISA benefits. <u>Blankenship v. Liberty Life Assur. Co.</u>, 486 F.3d 620, 627-28 (9th Cir. 2007). A district court may award interest at a rate different from that prescribed under 28 U.S.C. § 1961 when "the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate." <u>Id.</u> at 628 (citations omitted). The Court's Findings of Fact and Conclusions of Law are substantial evidence that MET's conduct resulted in a wrongful denial of benefits, at a significant cost to Mitchell who was earning substantially less during the period of his disability. Therefore, the equities of this case support an award of prejudgment interest at a 10% rate to compensate Mitchell for MET's nonpayment of benefits. <u>See</u> <u>id.</u> (affirming 10% prejudgment interest in an ERISA case).

Defendants are further ordered to consider Plaintiff's claim for continued benefits under the Plan after September 30, 2005, pursuant to ERISA and its regulations. The Court found "that MET is the responsible claims administrator and insurer for Mitchell's disability." (Findings of Fact and Conclusions of Law 3.) At trial, the Court was asked to determine whether Mitchell was entitled to benefits under the Plan's "own occupation" standard. Therefore, the parties did not raise a dispute nor did the Court

rule regarding Mitchell's entitlement to continued benefits under the "any occupation" standard.  As the responsible claims administrator and insurer for Mitchell's disability, MET is ordered to consider any claim for a continuation of benefits.

    Plaintiff is entitled to an award of reasonable attorney's fees against Defendants, and shall submit a motion for award of such fees within 30 days of entry of this Judgment.

    UNUM is awarded judgment in its favor on the complaint brought by Plaintiff Mitchell.  UNUM is awarded judgment in its favor on its cross-claim for declaratory relief against MET in that MET is the responsible administrator and insurer with respect to Plaintiff's claim for disability benefits under the Plan.  UNUM's second cause of action for indemnity in its cross-claim is moot. The Court awards UNUM costs pursuant to 28 U.S.C. 1920 against Defendants.

IT IS SO ORDERED.

Dated: January 15, 2008

                                      DEAN D. PREGERSON
                                      United States District Judge